IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SCOTT LEE, | ) | 8:14CV272 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| WALMAN OPTICAL COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On September 14, 2015, the court granted summary judgment in favor of the defendant, Walman Optical Company ("Walman"), on employment contract claims alleged by the plaintiff, Scott Lee ("Lee"), and dismissed this diversity action with prejudice. On September 25, 2015, Walman filed a motion for an award of attorneys' fees and expenses under the following provision of the employment contract:

> 17. Governing Law. This Agreement shall be construed and enforced in accordance with the laws of the State of Nebraska. . . . In the event that any action, suit or other proceeding at law or in equity is brought by either party to enforce the provisions of this Agreement, or to obtain money damages for the breach thereof, then the party which substantially prevails in such action (whether by judgment or settlement) shall be entitled to recover from the other party all reasonable expenses of such litigation (including any appeals), including, but not limited to, reasonable attorneys' fees and disbursements.

(Filing No. [40-1](#) at CM/ECF p. 93). Walman recognizes that the fee-shifting clause is unenforceable under existing Nebraska case law, but argues that the law should be disregarded "because it is based on flawed canonical reasoning, violates constitutional principles and contravenes public policies" (Filing No. [60](#) at CM/ECF p. 2).

On October 12, 2015, Lee filed a cross-motion for recovery of attorneys' fees and expenses incurred in defending against Walman's motion, which Lee contends

is frivolous. In support of his motion, Lee relies on Neb. Rev. Stat. § 25-824, which provides in part:

> (2) Except as provided in subsections (5) and (6) of this section, in any civil action commenced or appealed in any court of record in this state, the court shall award as part of its judgment and in addition to any other costs otherwise assessed reasonable attorney's fees and court costs against any attorney or party who has brought or defended a civil action that alleges a claim or defense which a court determines is frivolous or made in bad faith.
>
> . . .
>
> (4) The court shall assess attorney's fees and costs if, upon the motion of any party or the court itself, the court finds that an attorney or party brought or defended an action or any part of an action that was frivolous or that the action or any part of the action was interposed solely for delay or harassment. If the court finds that an attorney or party unnecessarily expanded the proceedings by other improper conduct, including, but not limited to, abuses of civil discovery procedures, the court shall assess attorney's fees and costs.
>
> (5) No attorney's fees or costs shall be assessed if a claim or defense was asserted by an attorney or party in a good faith attempt to establish a new theory of law in this state or if, after filing suit, a voluntary dismissal is filed as to any claim or action within a reasonable time after the attorney or party filing the dismissal knew or reasonably should have known that he or she would not prevail on such claim or action.

" In a diversity case 'where the state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed." *Lamb Eng'g & Const. Co. v. Nebraska Pub. Power Dist.*, 103 F.3d 1422, 1434 (8th Cir. 1997) (quoting *Alyeska Pipeline Service Co. v. Wilderness Soc'y,* 421 U.S. 240, 259 n. 31 (1975)); *see also Hortica-Florists' Mut. Ins. Co. v. Pittman Nursery Corp.*, 729 F.3d 846, 852 (8th Cir. 2013) ("State law governing attorneys'

fees is generally 'substantive.'"). "Nebraska law allows the recovery of attorney fees only where such recovery is provided by statute or where the uniform course of procedure has been to allow such recovery." *Id.* (citing *Holt County Co–op. Ass'n v. Corkle's, Inc.,* 336 N.W.2d 312, 315 (Neb. 1983)).

The Nebraska Supreme Court has "repeatedly held that in the absence of a uniform course of procedure or authorization by statute, contractual agreements for attorney fees are against public policy and will not be judicially enforced." *Stewart v. Bennett,* 727 N.W.2d 424, 429 (Neb. 2007) (declining to reconsider case law on this issue); *see Parkert v. Lindquist,* 693 N.W.2d 529 (Neb. 2005); *Nebraska Nutrients v. Shepherd,* 626 N.W.2d 472 (Neb. 2001); *Chambers-Dobson, Inc. v. Squier,* 472 N.W.2d 391, 402 (Neb. 1991); *GFH Financial Serv. Corp. v. Kirk,* 437 N.W.2d 453 (Neb. 1989); *First Nat. Bank v. Schroeder,* 355 N.W.2d 780 (Neb. 1984); *Quinn v. Godfather's Investments,* 348 N.W.2d 893 (Neb. 1984); *City of Gering v. Patricia G. Smith Co.,* 337 N.W.2d 747 (Neb. 1983); *Security Co. v. Eyer,* 54 N.W. 838 (Neb. 1893); *Dow v. Updike,* 7 N.W. 857 (Neb. 1881).

Walman claims "[t]he Nebraska fee-shifting rule violates the U.S. Constitution because it impairs the right to seek relief from the courts" (Filing No. 60 at CM/ECF p. 3).[1] This argument is not specifically directed at the Nebraska Supreme Court's refusal to enforce contractual fee-shifting clauses, but, rather, is a general challenge to the "American Rule" that "the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.,* 549 U.S. 443, 448 (2007). The argument has no merit. One of the reasons that has been advanced in support of the longstanding American Rule, in fact, is that "the poor might be unjustly discouraged from instituting actions to vindicate their rights if the penalty for losing included the fees of their opponents' counsel."

---

[1] "[T]he right of access to courts for redress of wrongs is an aspect of the First Amendment right to petition the government." *Borough of Duryea, Pa. v. Guarnieri,* 564 U.S. 379, 131 S. Ct. 2488, 2494 (2011) (quoting *Sure-Tan, Inc. v. NLRB,* 467 U.S. 883, 896-97 (1984)).

-3-

*Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 718 (1967). An award of attorneys' fees to Walman in this case could deter other employees from bringing suit against it.

Walman's remaining arguments merely criticize the reasoning of the Nebraska Supreme Court in *Stewart* and its predecessors, and need not be examined further. Because Nebraska case law regarding this matter of substantive state policy is well-established and has not been shown to contravene any federal statute or rule of court, Walman's motion for attorneys' fees and expenses will be denied.

Lee's cross-motion for attorneys' fees and expenses also will be denied. Even assuming that Neb. Rev. Stat. § 25-824 is applicable to a post-judgment motion for attorneys' fees, Walman's motion is not "frivolous" within the meaning of that statute. As construed by the Nebraska Supreme Court, "[t]he term 'frivolous' connotes an improper motive or legal position so wholly without merit as to be ridiculous." *Cent. Nebraska Pub. Power & Irr. Dist. v. N. Platte Nat. Res. Dist.*, 788 N.W.2d 252, 263-64 (Neb. 2010). The term "has also been held to mean without rational argument based on law and evidence to support a litigant's position in the lawsuit." *Randolph Oldsmobile Co. v. Nichols*, 645 N.W.2d 566, 569 (Neb. App. 2002). While Walman's First Amendment argument is without merit, and its other arguments are foreclosed by the *Erie* doctrine,[2] it is not evident that Walman had an improper motive for filing the motion or that its arguments are ridiculous or irrational. "Any doubt whether a legal position is frivolous or taken in bad faith should be resolved for the party whose legal position is in question. Sanctions should not be imposed except in the clearest cases." *Klingelhoefer v. Monif*, 839 N.W.2d 247, 252 (Neb. 2013) (footnotes omitted). The Nebraska fee-shifting statute also provides that "[n]o attorney's fees or costs shall be assessed if a claim or defense was asserted by an attorney or party in a good faith

---

[2] *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) ("Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state.").

-4-

attempt to establish a new theory of law in this state, ...." Neb. Rev. Stat. § 25-824(5). Walman's motion fits within this protected category.

Accordingly,

IT IS ORDERED:

1. Defendant's motion for attorneys' fees and expenses (Filing No. 59) is denied.

2. Plaintiff's cross-motion for attorneys' fees and expenses (Filing No. 64) is denied.

DATED this 21st day of January, 2016.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.